# AARON E. MAY

*v.*

# JAMES MAGEE *et al.*

1. FRAUD *in obtaining the execution of a contract—misrepresentation to agent.* Where the plaintiffs, in making a settlement of differences with the defendant through the agent of the latter, who was unacquainted with the real facts, the defendant being absent from the State, misrepresented material facts, and claimed pay for services which had been paid them, and thereby induced the defendant's agent to execute an agreement that defendant should pay them money not due them: *Held,* that the fraud and misrepresentation of plaintiffs, whereby they induced the agent to make the contract, presented a good defense to an action on the same.

2. SAME—*negligence on the part of the agent.* In such a case, as the agent of the defendant did not have a knowledge of the facts, he was not guilty of negligence in relying upon the representations of the plaintiffs. He was not bound to wait and write to his principal, and await his reply, to ascertain whether the representations were true or not, but had a right to rely upon them as honestly and truthfully made.

3. PLEADING—*plea of fraud in procuring an obligation to pay money on settlement.* Where the agreement sued on, and which was set out *in hæc verba* in the declaration, showed that the same was made to settle all matters in difference between the plaintiffs and defendant, growing out of their prior contract in respect to a farm of the defendant, and improvements made thereon, a plea by the defendant, showing that plaintiffs induced his agent to execute the agreement through fraud and misrepresentation of the facts, alleged that the parties settled their accounts with respect to the farm in the declaration mentioned, and allowed damages for the surrender of the possession: *Held,* that the plea was not defective in not showing what matters were in difference between the parties at the time of the settlement.

4. PLEA—*negativing averment in declaration.* Where the plaintiffs sued upon an instrument for the payment of money, which required them to surrender the possession of a farm as a condition precedent to their right of recovery, and alleged that they had surrendered the same to the defendant, and he had accepted the same, and the defendant, by his plea, set up fraud and misrepresentation to avoid the agreement, it was contended that his plea failed to negative such surrender and acceptance by him, and showed no offer to restore the same. The plea alleged that as soon as defendant was informed of the fraud, and while plaintiffs were still in possession, and before any performance on their part, he repudiated the

contract sued on, and notified plaintiffs tnereof, and that they afterwards abandoned the farm and announced their determination to enforce the contract: *Held*, that the plea was sufficiently certain in negativing the fact of the surrender and acceptance of the farm.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of debt, brought by the appellees, upon a sealed instrument, executed by the appellant, through an attorney in fact, and by the appellees, of which the following is a copy:

"It is hereby agreed between Aaron E. May, by G. Gilbert Gibons, his attorney in fact, of the one part, and James Magee and William J. Magee, of the other part, as follows: That said May shall pay to said Magees $450, in full payment of all improvements made by them upon said May's farm, now in their occupation, in Indiantown, in the county of Bureau, and State of Illinois, and, also, of all other demands held by them against him; and that said Magees, by the day aforesaid, shall surrender to said May the possession of the farm aforesaid, with the appurtenances and all improvements made thereon by them; the object of this agreement being to settle all matters in difference between these parties, and to cancel all contracts for the possession and use of said premises.

"In witness whereof, said parties have hereunto set their hands and seals, this 13th day of February, A. D. 1871."

The plaintiffs, in the several counts of their declaration, set forth this agreement *in hæc verba*, and alleged that they surrendered possession of said farm on March 1, 1871, and all the improvements thereon, which were accepted by the defendant; and that plaintiffs had, in all things, complied with the agreement, and showed that defendant refused to pay said sum.

The defendant filed three pleas: *First—Non est factum. Second*—Alleging fraud and misrepresentation. *Third*—Same in fuller form.

8—66TH ILL.

The second amended plea, after the formal part, was as follows:

"That the said writing obligatory, in the first, second and third counts of the plaintiffs' declaration mentioned, are one and the same; that the said writing obligatory was obtained of the defendant by the plaintiffs through fraud, covin and misrepresentations of the plaintiffs, in manner following, to wit: On the 15th day of February, 1871, at said county, the plaintiffs, and the defendant, by his attorney in fact, G. Gilbert Gibons, were settling their matters in relation to their accounts with respect to the farm in said declaration mentioned; that the defendant, at that time, was absent in the State of Missouri, and his said attorney was uninformed as to the state of the accounts between the plaintiffs and the defendant, either as to the various items that were claimed by the plaintiffs to be owing to them by the defendant or as to any offsets that the defendant had against the plaintiffs; and, also, was uninformed as to any arrangements or agreements, made between the plaintiffs and the defendant, that any damages should be paid by the defendant to the plaintiffs, in consideration that the plaintiffs should surrender the possession of said farm to the defendant; which want of information on the part of said attorney was then and there well known to the plaintiffs.

"And the plaintiffs, for the purpose of inducing the said attorney to make a settlement of said accounts, to allow to the plaintiffs damages for the surrender of the possession of said farm, and to execute said writing obligatory in behalf of the defendant, and to defraud the defendant therein, then and there wilfully, knowingly and falsely represented to said attorney that said defendant had acknowledged and agreed, to and with the plaintiffs, that damages to a considerable amount —from $200 to $300—ought to be, and should be, paid by the defendant to the plaintiffs for the surrender of the possession of said farm by them to the defendant; further, that a large quantity of land had been plowed by the plaintiffs for

the benefit of the defendant, more than they had in fact plowed for him, to wit: 25 acres more; further, that the defendant owed a large sum of money, to wit: $100, for the work in and about the cultivation of hedge fence on said farm, when, in truth and in fact, the defendant had already paid therefor; further, that it had been agreed between the plaintiffs and the defendant that the defendant had no offset against the accounts of the plaintiffs, when, in truth and in fact, the offsets of the defendant were greater than the accounts of the plaintiffs.

"And the defendant avers that each and all of said representations were false and untrue, and that the plaintiffs then and there well knew the same were so false and untrue. And the defendant further avers that his said attorney, being ignorant of the subject matters of said representations, relying on them as being true, and being deceived thereby, was induced thereby to execute and deliver to the plaintiffs said writing obligatory, portion of the sum mentioned in said writing obligatory, to wit: $200, being for damages for the surrender of said farm by the plaintiffs to the defendant. And the defendant further avers that, immediately upon being informed of the said false and fraudulent representations, and whilst the plaintiffs were still in the possession of the farm in the declaration mentioned, and before the plaintiffs had done anything in the performance of the contract, as contained in said writing obligatory, the defendant repudiated the same, and notified said plaintiffs that he would not be bound thereby; but, notwithstanding he so notified the plaintiffs, they abandoned the said farm, and insisted that they could enforce the said contract; and this the defendant is ready to verify. Whereupon he prays judgment, etc."

The court sustained a demurrer to all the pleas except the first, which was withdrawn, and thereupon the court rendered judgment for the plaintiffs upon the demurrer, and assessed the damages.

Mr. G. GILBERT GIBONS, for the appellant.

Messrs. ECKLES & KYLE, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The second plea, as amended, was substantially good, and the demurrer should not have been sustained to it. It might have been, in some respects, more formally drawn; but it clearly sets up fraud in obtaining the execution of the instrument which was the foundation of the suit.

The plea is claimed to be defective because it does not show what matters were in difference between the parties at the time of the settlement.

The plea avers that the parties settled their accounts with respect to the farm in the declaration mentioned, and allowed damages for the surrender of the possession. The writing was evidently executed for these matters. Such is the legal intendment from the averments in the plea. There could have been nothing else to constitute the consideration of the agreement.

It is further contended that the plea does not negative the averment in the declaration that the plaintiffs had surrendered the farm to defendant, and he had accepted it, and there was no offer to restore the same to plaintiffs, and place them *in statu quo*.

The averment, in this regard, might be improved, and made more explicit; but we think it is sufficiently certain. In the conclusion of the plea, it is averred that, upon information of the false and fraudulent representations, and while plaintiffs were still in possession of the farm, and before any performance of the contract on their part, the defendant repudiated the same, and notified the plaintiffs that he would not be bound by it; and that they then abandoned the farm, and announced their determination to enforce the contract.

The only averment of performance on the part of the plaintiffs was the surrender of the possession.  The express undertaking on the part of the defendant was to pay a certain amount of money, and, impliedly, to accept the possession. The settlement, however, as to the surrender, possession and payment, was an entirety.  Payment could not be enforced of the money without a surrender of possession.  This view of the contract has been taken by the pleader, and he has averred in the declaration full performance by plaintiffs in the surrender of the farm.

Does not the plea negative the averment of surrender and acceptance?  It expressly avers that plaintiffs were in possession when the contract, in their presence, was wholly renounced for fraud, and that they then abandoned the farm. This must be regarded as a distinct denial of the declaration. If the plea be true, there could not have been a surrender and acceptance, in the sense of those words as used in the declaration.  The defendant could not disavow the contract and at the same time accept the possession.  The acts were incompatible.

There was not negligence on the part of the attorney in fact which would relieve of the alleged fraud.  The principal was absent from the State, and the attorney did not omit proper care and prudence in not writing to his principal, and awaiting a reply as to the truth or falsity of the statements made.

The agent met the plaintiffs, in the absence of his principal, and was informed as to their knowledge of the matters to be adjusted.  He relied upon them, trusted in their truth, and was induced, by their false and fraudulent statements, to make the contract.

He had the right to rely upon their assertions.  There was nothing to create suspicion, and the law does not require that, without any cause, we should indulge in mistrust.  It does not encourage constant doubt, which would destroy all confidence in the existence of honor and honesty.

The plea avers that the parties, when they met, did not have equal knowledge of the facts, and that the false and fraudulent representations of the party possessing superior information were made to induce a settlement. The object was accomplished. Should the plaintiffs complain because reliance was had in their veracity? Can the confidence reposed excuse or lessen their fraud?

We think that the plea is certain to a common intent, and that replication should be made to it.

The judgment is reversed and the cause remanded.

*Judgment reversed.*